IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK WAYNE BELL, <br> TDCJ NO. 1190375, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD WAYNE HICKS, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-12-1979 |

**MEMORANDUM OPINION AND ORDER**

Patrick Wayne Bell, an inmate at the Pack I Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint under 42 U.S.C. § 1983 claiming that he was injured due to the wrongful operation of a prison vehicle (Eighth Amendment Claim, Docket Entry No. 1). He also complains that he was delayed access to medical care after the accident. Bell names the following TDCJ-CID officials as defendants: TDCJ-CID Officer Richard Hicks, TDCJ-CID Officer Melanie Ward, and Pack I Medical Director Dr. Fausto Avila. After reviewing the complaint, the court is persuaded that this action should be dismissed as frivolous.

I.   **Claims and Allegations**

On February 7, 2012, Bell was a passenger on a TDCJ-CID bus that was involved in a collision. He claims that the bus driver,

Officer Hicks, was speeding and rammed the bus into another vehicle, which caused Bell to jam his feet into the floor as he braced himself for the collision. He states that the TDCJ-CID bus hit the vehicle again causing him to bump against two other inmates before sitting down hard in his seat. Bell complains that Hicks drove recklessly and that he placed Bell in a dangerous situation. Bell also complains that Officer Ward knew about Officer Hicks' dangerous driving habits but did not prevent Hicks from putting Bell in harm's way.

The passengers were transferred to another TDCJ-CID bus after the accident. However, no medical attention was given to the prisoners at the scene of the accident. Bell was taken to the Pack I Unit that day where a nurse interviewed him. He claims that he reported that he was injured, but the nurse did nothing other than take some notes. Eventually, a nurse took Bell's vital signs and referred him to Dr. Avila. However, Dr. Avila only prescribed Ibuprofen without examining him. When Bell continued to complain about his left foot, right leg, and back, a nurse examined Bell's foot and ordered x-rays five days later.

Bell complains that Dr. Avila retaliated against him by taking his pillow away, not renewing his medications, and canceling an appointment at the Galveston hospital. Bell states that these accommodations were reinstated by a nurse after Bell made another sick call request. A physician's assistant treated Bell's injuries five days later.

Bell seeks punitive damages as well as compensation for his injuries and for future medical expenses. He also seeks declaratory relief as well as an injunction requiring TDCJ-CID to cushion its prison bus seats and to prohibit its drivers from driving recklessly. He also seeks an order preventing TDCJ-CID from loading buses to their full capacities.

## II. Analysis

This case concerns a motor vehicle accident and its aftermath. Bell's claims against Hicks require Bell to show that Hicks was deliberately indifferent to Bell's safety while he was operating the bus. See Estelle v. Gamble, 97 S.Ct. 285, 292 (1976). To succeed with a deliberate indifference claim Bell must show that Hicks was aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and that Hicks actually drew an inference that such potential for harm existed. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998), citing Farmer v. Brennan, 114 U.S. 1970, 1978-79 (1994). The deliberate indifference standard embodies both an objective and a subjective prong. To present a viable Eighth Amendment claim the defendant prison official's state of mind must be one of deliberate indifference to inmate health or safety.

To establish deliberate indifference in a prison conditions case, the prisoner must show that the prison officials (1) were aware of facts from which an inference of an excessive risk to the

prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999). The official can only be liable if he ignores a danger to an inmate after he has been made fully aware of it. Jackson v. Cain, 864 F.2d 1235, 1246-47 (5th Cir. 1989). Mere negligence on the part of a prison official is insufficient to establish Eighth Amendment culpability. Davidson v. Cannon, 106 S.Ct. 668, 670 (1986). Deliberate indifference requires less than conduct undertaken for the very purpose of causing harm, but more than negligence. See Farmer, 114 S.Ct. at 1978. The appropriate test for determining whether a defendant was deliberately indifferent is the criminal law 'subjective recklessness' standard. McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

The facts presented by Bell indicate that he was involved in an automobile accident that was attributable to a driver's bad judgment. Consequently, he cannot establish a violation of his civil rights with regard to the collision. See Walker v. Reed, 104 F.3d 156 (8th Cir. 1997); Coon v. Ledbetter, 780 F.2d 1158, 1163 (5th Cir. 1986) ("[I]t is plain that a person injured in an auto accident when a police officer negligently fails to yield the right-of-way has no claim for deprivation of constitutional right."). It is not enough to show that the driver failed to follow accepted procedures in operating his vehicle; such an omission does not amount to deliberate indifference. See Sawyer v.

County of Creek, 908 F.2d 663, 667-68 (10th Cir. 1990) (allegations that defendants' level of care fell below accepted standards only support a finding of negligence, not deliberate indifference). Hick's negligent performance was not a violation of Bell's constitutional rights and is not actionable under section 1983. See County of Sacramento v. Lewis, 118 S.Ct. 1708 (1998) (no violation found in high-speed police chase that resulted in the unintentional death of a passenger); Daniels v. City of Dallas, 272 F.App'x. 321 (2008) (although police officer exceeded speed limit in responding to non-emergency call, he did not act with a level of recklessness required to establish deliberate indifference).

Bell's claim against Officer Ward has no legal basis because it is based on his contention that Ward is liable for Hicks' actions. Apart from failing to show that Hicks has violated his constitutional rights, Bell cannot argue that Officer Ward is vicariously liable for another TDCJ-CID employee's conduct. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009). Bell cannot assert a claim against Officer Ward without presenting facts indicating that Ward was personally involved in the collision. Rios v. City of Del Rio, 444 F.3d 417, 425 (5th Cir. 2006). Therefore, the claims against Officer Ward will be dismissed.

Bell claims that Dr. Avila denied him medical treatment and retaliated against him. To establish a claim that he was denied medical treatment under the Eighth Amendment, Bell must show that Dr. Avila was aware of facts from which he could infer there was an

excessive risk to Bell's health or safety and that he actually concluded that Bell was exposed to potential harm. Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001), citing Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). A showing of negligence or malpractice will not suffice in a civil rights proceeding. Estelle, 97 S.Ct. at 292; Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999).

Bell complains that Dr. Avila did not see him when he returned to the Pack I Unit, but admits that a nurse examined him and the doctor did prescribe Ibuprofen. Such facts rebut his claim of deliberate indifference to his serious health needs. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). See also Mendoza v. Lynaugh, 989 F.2d 191, 193-95 (5th Cir. 1993). Moreover, Bell states that emergency medical help was not called to the scene of the accident, and he does not identify any injury that would have been easily identified as one requiring additional care. A serious medical need is one for which treatment has been recommended by a physician or for which the need is so apparent that even laymen would recognize that care is required. Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Without such a showing, Bell has failed to allege facts which demonstrate that Dr. Avila willingly ignored a serious health problem in violation of Bell's constitutional rights. See Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995).

Bell disagrees with Dr. Avila's determination that a nurse's care was sufficient. But he does not show that Dr. Avila recklessly disregarded a serious medical problem and, therefore, has not stated an Eighth Amendment claim for deliberate indifference. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Furthermore, the nurse did arrange for x-rays. At the most, Bell alleges that Dr. Avila's actions may have delayed treatment, but there is no indication that such delay resulted in any serious deterioration. Without such a showing, Bell has failed to assert an actionable claim. Mendoza, 989 F.2d at 195.

Bell also fails to assert facts supporting a claim of retaliation by Dr. Avila. To state a retaliation claim "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McFaul v. Valenzuela, 684 F.3d 564, 578 (5th Cir. 2012), quoting Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate's personal belief that he is the victim of retaliation is insufficient. Allen v. Jones, 458 F.App'x. 408, 410 (5th Cir. 2012). See Woods, 60 F.3d at 1166. Finally, the retaliatory adverse act must be more than a de minimis act. Morris v. Powell, 449 F.3d 682 (5th Cir. 2006).

Bell only makes a conclusory statement that Dr. Avila took his pillow and did not renew his medication and hospital appointment. A nurse later restored the services and care. Bell has not shown

that he suffered any harm from the alleged acts, and his claim of retaliation is not based on any facts or chain of events "from which retaliation may plausibly be inferred." Allen v. Thomas, 388 F.3d 147, 149 (5th Cir. 2004), citing Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Consequently, his retaliation claim has no legal basis.

Bell filed an Application to Proceed In Forma Pauperis in this action. An in forma pauperis complaint may be dismissed if it is frivolous. 28 U.S.C. § 1915(e). Such a complaint is frivolous if it lacks an arguable basis in law. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). This complaint will be dismissed because it is frivolous.

### III. Application to Proceed In Forma Pauperis

Bell's Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**. However, Bell is **ORDERED** to pay the entire filing fee as soon as funds become available. 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund is **ORDERED** to withdraw $4.00 from Bell's inmate trust account (No. 1190375) and forward the funds to the Clerk. Thereafter, the TDCJ-CID Inmate Trust Fund shall deduct 20 percent of each deposit made to Bell's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire fee ($350.00) has been paid.

## IV. Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED.**

2. The TDCJ Inmate Trust Fund is **ORDERED** to withdraw $4.00 from the account of Patrick Wayne Bell, TDCJ-CID No. 1190375 and forward the funds to the Clerk of this court. Thereafter, the TDCJ Inmate Trust Fund shall deduct 20 percent from each deposit made to Bell's account and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

3. The prisoner civil rights complaint (Docket Entry No. 1), filed by Inmate Patrick Wayne Bell, TDCJ-CID No. 1190375, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 9th day of August, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE