IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK W. BELL, <br> TDCJ-CID NO. 1532482, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD HICKS, et al., <br><br> Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-12-1979 |

## MEMORANDUM OPINION AND ORDER

Patrick W. Bell, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) alleging that TDCJ-CID officials were deliberately indifferent to his safety in violation of his constitutional rights. After initially dismissing the complaint, the court reinstated the action with regard to one of the claims and ordered service on one of the named defendants, TDCJ-CID Officer Richard Hicks.

Hicks has filed a Motion for Summary Judgment with Brief in Support (Docket Entry No. 29) supported by records and affidavits. Bell has filed a Response (Docket Entry No. 31) and has submitted his own evidence. After considering the pleadings and the records, the court has determined that Defendant Hicks' Motion for Summary Judgment should be granted, and this action should be dismissed.

## I. Bell's Claims and Allegations

Bell states that he was a passenger in a TDCJ-CID bus that was transporting inmates from a prison hospital to the TDCJ-CID Byrd Unit when it collided with another vehicle on February 7, 2012. He claims that the wreck occurred because Hicks was driving the bus in a dangerous manner exhibiting deliberate indifference to Bell's health and safety. Bell alleges that the bus was traveling at an excessive speed and that Hicks disregarded pleas to slow down. Bell states that the collision caused him to fly forward and that he had to jam his feet into the floor in order to protect himself. He states that he suffered a hematoma on his left foot as a result of the accident. Bell seeks declaratory and injunctive relief. He also seeks compensatory and punitive damages.

## II. Summary Judgment Standards – Qualified Immunity

Hicks has filed a motion for summary judgment and has asserted the defense of qualified immunity. A movant is entitled to summary judgment if he shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986); McFaul v. Valenzuela, 684 F.3d 564, 571 (5th Cir. 2012). In considering such a motion, this court construes "all facts and inferences in the light most favorable to the nonmoving party." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotations marks omitted). The movant

has the burden of showing that there is an absence of evidence to support the nonmoving party's case. Celotex, 106 S. Ct. at 2554. In doing so the movant must establish the "absence of evidence to support an essential element of the non-movant's case." Sossamon v. Lone Star State of Texas, 560 F.3d 316, 326 (5th Cir. 2009). The motion for summary judgment must be denied if the movant fails to meet this initial burden. Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). However, if the movant does succeed in meeting this burden, the non-movant must go beyond the pleadings and identify specific facts showing that there is a genuine issue of a material fact warranting trial. Id.

To prove there is an absence of evidence in support of the non-movant's claim the movant must identify areas that are essential to the claim in which there is an "absence of material fact." Lincoln Gen. Ins. Co. v. Reyna, 401 F.3d 347, 349 (5th Cir. 2005). However, the movant "need not negate the elements of the non-movant's case." Boudreaux v. Swift Transp. Co. Inc., 402 F.3d 536, 540 (5th Cir. 2005). Moreover, mere conclusions and allegations are not summary judgment evidence and cannot be used to defeat or support a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). To successfully oppose a motion for summary judgment the non-movant must present specific facts showing "the existence of a genuine issue concerning every essential component of its case." Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 343 F.3d 401, 405 (5th Cir. 2003).

If the non-movant fails to point out evidence opposing summary judgment, it is not the court's duty to search the record for such evidence. Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003).

If the defense of qualified immunity is raised, the court must conduct a two-step analysis. Manis v. Lawson, 585 F.3d 839, 843 (5th Cir. 2009); Simmons v. City of Paris, Tex., 378 F.3d 476, 479 (5th Cir. 2004), citing Glenn v. City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001). First, the court must decide whether the plaintiff has alleged a constitutional violation. Second, if such a violation has been alleged, the court must determine whether the conduct at issue was objectively reasonable in light of clearly established law at the time the incident occurred. Id. The non-movant has the burden of negating qualified immunity, but all inferences are made in the non-movant's favor. Brown, 623 F.3d at 253.

### III. Hicks' Arguments and Supporting Evidence

Hicks argues that he was not deliberately indifferent to Bell's health and safety needs. Hicks contends that he did not operate the bus in a reckless manner and that he was driving at a safe speed. He also contends that the accident was unavoidable due to traffic conditions and a mechanical problem with the bus's brakes. Hicks states that there was heavy traffic at the time of the accident and that he attempted to stop the bus by applying the brakes. However, the brakes were not responding as Hicks expected

and barely slowed the bus. Hicks checked his mirrors to see if he could change lanes but found that he could not safely do so. He continued to operate the brakes but could not avoid hitting the car in front of him.

Hicks has submitted a sworn affidavit, which presents the following narrative of the accident, its causes, and its aftermath:

> On February 7, 2012, at about 6:50 pm, I was driving a TDCJ transport bus, and traveling northbound on I-45 near exit 50-A in downtown Houston. There was heavy stop and go traffic at that time. As traffic began to stop in front of the bus, I tried to stop the bus by applying the brake pedal. The brakes on the bus did not respond as I expected. Instead, the brakes only barely began to slow the vehicle. I attempted to reapply the brakes, but they were still only partially effective. Although the bus was slowing down, the brakes were not working as well as they should have. I checked the mirrors and found that traffic prevented me from changing lanes. I then stood on the brakes, but the bus still hit the car in front of it.
>
> I contacted Officer Ward on the telephone in the rear of the bus to let her know that the bus had been in an accident. Officer Ward then contacted the supervisor, Sergeant Hubbard, to let him know that there had been an auto accident. About 25 minutes later, Houston Police Department ("HPD") officers arrived on the scene, and directed the non-TDCJ vehicles to drive to a nearby Shell station. I informed the HPD officers that there was a problem with the brakes on the bus. When another HPD unit arrived on the scene, HPD was able to stop traffic to allow me to slowly move the TDCJ bus off of the highway and to the Shell station with the other drivers.
>
> There were 43 offenders on the TDCJ bus at the time of the accident. Two of these offenders requested to be taken to a hospital for treatment. These two offenders were transported to Ben Taub Hospital, while the other 41 offenders were taken to the TDCJ Byrd Unit in a replacement bus for a medical examination.
>
> I submitted to routine drug and alcohol tests after the accident. These tests revealed that there were no drugs

or alcohol in my system. HPD did not issue me or TDCJ
any traffic citations as a result of this accident. At
the time of the accident, I had been traveling at a safe
speed and maintaining the proper distance between my
vehicle and others on the road. The accident occurred
due to a mechanical failure, rather than because of any
unsafe actions on my part.

After the accident, TDCJ mechanical staff inspected the
bus for defects. The inspection revealed that the
condition of the brakes caused the problem in quickly
stopping the bus. Mechanics found that a ruptured wheel
seal leaked grease on the brakes and the brakes were
glazed over. These issues were unknown to me at the time
of the accident. Moreover, at the time of the accident,
the bus was on the return leg of a round trip journey.
I had driven the bus on the outbound leg of the trip
earlier that day, and the bus had performed without a
problem prior to the accident.

Before the accident, I was not aware of any problem or
potentially unsafe condition that existed with the bus.
Based on my training and experience, I believe that my
actions and Officer Ward's actions in connection with the
incident that form the basis of this suit were reasonable
and appropriate under the circumstances.

Affidavit of Officer Richard Hicks, Exhibit B to Defendant Hicks'

Motion for Summary Judgment, Docket Entry No. 29-2, pp. 2-4.

Hicks has also submitted an affidavit executed by Officer

Ward, which states in part:

On February 7, 2012, at about 6:50 pm, I was the security
officer on a TDCJ transport bus traveling northbound on
I-45 near exit 50-A in downtown Houston. As the security
officer, I was riding at the very back end of the
transport bus. Officer Hicks was the driver of the bus.
We were in heavy stop and go traffic at the time. As
traffic would repeatedly stop, the bus would also come to
a stop. The bus started moving again as traffic began to
move. At one point, when we were almost to a stop, I
felt a bump. Officer Hicks called me on the phone from
the front of the bus, and informed me that we had been in
an accident.

I immediately called our supervisor, Sgt. Hubbard, to let him know about the accident. About 25 minutes later, Houston Police Department ("HPD") officers arrived on the scene, and directed the non-TDCJ vehicles to drive to a nearby Shell station. Officer Hicks told the HPD officers that there was a problem with the brakes on the bus. When another HPD unit arrived on the scene, HPD was able to stop traffic to allow the TDCJ bus to slowly exit the highway and pull into the Shell station with the other drivers.

. . . .

At the time of the accident, Officer Hicks was not traveling at an unsafe speed or weaving in and out of traffic. There was nothing about Officer Hicks' driving that caused me to believe that he was operating the vehicle in a dangerous manner. I was unaware of any defect of the TDCJ bus. I had ridden on that same bus earlier in the day. At no point prior to the accident did I become aware of any safety issue with [the] bus. Nothing about the bus seemed out of the ordinary or dangerous.

Based upon my training and experience, I believe that my actions and officer Hicks's actions in connection with the incident that form the basis of this suit were reasonable and appropriate under the circumstances.

Affidavit of Officer Melanie Ward, Exhibit C to Defendant Hicks' Motion for Summary Judgment, Docket Entry No. 29-3, pp. 2-4.

In addition, Hicks submitted a TDCJ Offender Transportation report, which states the following:

> Texas Department of Criminal Justice
> Offender Transportation
> EAC[1] INCIDENT NUMBER 1-01770-02-12
>
> TO: Emergency Action Center
>
> THRU: Warden Lonny Johnson

---

[1]Emergency Action Center

Subject:  VEHICLE ACCIDENT #12-035
          2/7/2012

**Persons Involved:**

Correctional Officer V Hicks, Richard

Correctional Officer V Ward, Melanie

**Offenders:**
--------
--------

**Summary:**

On 2/7/2012 at approximately 6:50 p.m. Officer Hicks, Richard was driving bus ---- transporting 43 gp [general population] offenders from Hospital Galveston to the Huntsville area units. Officer Ward was riding in the rear . . . of the bus.

He was traveling northbound in the 2400 block of I-45. He was approaching mile marker 50A. The traffic slowed and Officer Hicks attempted to apply the brakes of the bus, however the bus failed to stop in time and struck the rear of a privately owned vehicle driven by David Reay of Houston, Texas. Mr. Reay's vehicle was then knocked into a vehicle driven by Mary McCoy of Houston, Texas and her car was knocked into a car driven by Theodore Geoca.

[Two] offenders complained of injuries and were transported to Ben Taub hospital for treatment by Houston Fire Dept. EMS. Offenders ---- and ----were treated and released for transport. The remaining 41 offenders were loaded on a replacement bus and transported to the Byrd unit w[h]ere they were seen by Byrd unit medical staff.

All participants in the accident stopped and Houston Police were notified. HPD officer A. Silva investigated the accident. All vehicles involved received minor damage.

**Employee's action/inaction:**

Officer Hicks attempted to apply the brakes in a timely manner. The bus was inspected by TDCJ mechanical staff,

>    Chris Williams Fleet safety officer for Offender
>    transportation and Capt. E Gonzalez of Offender
>    transportation. The inspection revealed that the condi-
>    tion of the brakes would have caused an issue in quickly
>    stopping the vehicle. Offender Transportation was
>    advised by Southern Region vehicle repair facility that
>    a ruptured wheel seal had placed grease on the brakes and
>    the remaining brakes were glazed over.
>
>    These issues were unknown at the time. It is relevant
>    that the accident occurred on the return trip and the bus
>    had performed well on the previous run that day.

TDCJ Offender Transportation Mechanical Inspection Report, Exhibit A to Defendant Hicks' Motion for Summary Judgment, Docket Entry No. 29-1, pp. 3-4.

Hicks contends that he is entitled to qualified immunity as a state official because his actions were objectively reasonable. He also asserts that he is entitled to immunity under the Eleventh Amendment against claims for damages brought against him in his official capacity.

### IV. Analysis

Under the Eighth Amendment prisoners have a right to "humane conditions of confinement"; and prison officials are required to provide them with adequate food, shelter, clothing, and medical care, as well as necessary transportation. Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001), citing Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994). However, the Eighth Amendment mandates "reasonable" safety, not "absolute" safety; and prison officials are not liable when they make good faith errors in assessing a

potential danger. See Newton v. Black, 133 F.3d 301, 307 (5th Cir. 1998).

The dispositive issue is whether Hicks was deliberately indifferent to Bell's safety while transporting him from one prison unit to another. See Estelle v. Gamble, 97 S. Ct. 285, 292 (1976). The standard for deliberate indifference is extremely high and requires more than a showing that the defendants were negligent or were mistaken in their judgment. Id.; Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 1999). A showing of a defendant's negligent conduct does not establish deliberate indifference. Brumfield v. Hollins, 551 F.3d 322, 333 (5th Cir. 2008), citing Hare v. City of Corinth, Miss., 74 F.3d 633, 650 (5th Cir. 1996). See also Coon v. Ledbetter, 780 F.2d 1158, 1163 (5th Cir. 1986) ("[I]t is plain that a person injured in an auto accident when a police officer negligently fails to yield the right-of-way has no claim for deprivation of constitutional right."). "'[S]ubjective recklessness as used in the criminal law' is the appropriate test for deliberate indifference." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997), quoting Farmer, 114 S. Ct. at 1980.

To establish deliberate indifference by a prison official a prisoner must show that the prison official (1) was aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that he actually drew an

-10-

inference that such potential for harm existed. Brewer v. Dretke, 587 F.3d 764, 770 (5th Cir. 2009), citing Farmer, 114 S. Ct. at 1979; Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999), citing Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994), citing Farmer, 114 U.S. at 1982, n.8. To demonstrate deliberate indifference under such circumstances it must be shown that the risk was so obvious that the defendant official must have known it, and that he was fully aware of the consequences of his actions or omissions. Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir. 2004); Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003), citing Hope v. Pelzer, 122 S. Ct. 2508, 2514 (2002). See also Walkman v. Payne, 535 F.3d 342, 350 (5th Cir. 2008).

The summary judgment record demonstrates that Hicks was driving the TDCJ bus when the traffic began to slow down in front of him. He attempted to stop his vehicle but was unable to do so because the brakes were malfunctioning although he was unaware of any mechanical problems with the bus at the time of the accident. (Docket Entry No. 29-1, pp. 3-4; Docket Entry No. 29-2, pp. 3-4) He then slowed the bus to the best of his ability, but the bus hit the back of the next vehicle due to brake failure. Hicks was not given a traffic citation for the accident; nor were any drugs or alcohol found in his system. (Docket Entry No. 29-2, p. 3)

The record demonstrates that the collision was caused by a mechanical failure of which Hicks was not aware. Such unforeseeable accidents will not support an Eighth Amendment violation claim. Estelle, at 291, citing Louisiana ex rel. Francis v. Resweber, 67 S. Ct. 374 (1947). An inadvertent accident does not constitute cruel and unusual punishment regardless of the injury, pain, and anguish that may have occurred. Id.

Hicks is entitled to qualified immunity because there is no showing that he violated Bell's clearly established constitutional rights. See Tolan v. Cotton, 713 F.3d 299, 306 (5th Cir. 2013). The record shows that Hicks' conduct was objectively reasonable at the time of the incident. See Lyle v. Bexar City., Tex., 560 F.3d 404, 410 (5th Cir. 2009).

Hicks is also entitled to official immunity. Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies. See Seminole Tribe of Florida v. Florida, 116 S. Ct. 1114, 1122 (1996); see also Pennhurst State Sch. & Hosp. v. Halderman, 104 S. Ct. 900, 908 (1984) (explaining that the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court). Unless expressly waived, the Eleventh Amendment bars an action in federal court by, inter alia, a citizen of a state against his or her own state, including a state agency. See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574 (5th Cir. 2002); Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 280 (5th Cir. 2002);

Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Suits against state employees in their official capacities are in reality suits against the states that employ them. Will v. Michigan Dept. of State Police, 109 S. Ct. 2304, 2312 (1989). Consequently, Bell's claims against Hicks in his official capacity are barred. Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996), citing Will.

Therefore, Hicks' Motion for Summary Judgment (Docket Entry No. 29) will be granted, and this action will be dismissed under FED. R. CIV. P. 56.

## V. Bell's Motions

The court will address plaintiff Bell's motions as follows:

Bell's Motion for Clerical Error and Correction (Docket Entry No. 15) to correct the defendant's name will be denied as moot.

Bell has filed a motion seeking reconsideration of the court's prior dismissal of Melanie Ward as defendant in this proceeding. Bell argues that Ward is liable because she failed to prevent Hicks from driving at an unsafe speed. The court's determination that the records demonstrate that Hicks did not violate Bell's rights also applies to Bell's claim against Ward. Lewis v. Lynn, 236 F.3d 766, 768 (5th Cir. 2001). Bell also challenges the court's finding that he has failed to assert a claim of deliberate indifference by Dr. Fausto Avila, the physician who treated him after the accident. Bell complains that Dr. Avila failed to personally examine him and

instead relied upon a nurse. Bell has submitted medical records showing that he was examined and treated for his injuries. These records rebut his allegations of deliberate indifference. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). The motion for reconsideration (Docket Entry No. 16) will be denied.

Bell's Motion to Preserve Error (Docket Entry No. 18) and Motion for Objection to Preserve Error (Docket Entry No. 21) regarding Ward's and Dr. Avila's roles and functions in the incidents in question will be denied.

Bell has filed several motions to compel discovery and to compel production of documents. The motions (Docket Entry Nos. 19, 23, and 28) will be denied because Hicks and other TDCJ officials are entitled to qualified immunity, which shields them from unnecessary discovery. See Schultea v. Wood, 47 F.3d 1427, 1436 (5th Cir. 1994).

Bell has also moved for sanctions claiming that he did not receive records from Hicks. Bell's claim is undermined by his pleadings to which records of the accident and his subsequent treatment are attached. Bell's Motion for Sanctions (Docket Entry No. 30) will be denied.

Bell filed a motion to file an amended claim (Docket Entry No. 33), which reiterates his allegations that Hicks operated the TDCJ bus in a reckless manner causing Bell to suffer injuries in a collision. The motion will be denied as futile. Whitley v. Hanna, — F.3d —, 2013 WL 4029134 (5th Cir. Aug. 8, 2013), citing

United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 386 (5th Cir. 2003).

## VI. Conclusion

The court **ORDERS** the following:

1. The plaintiff's motions (Docket Entry Nos. 15, 16, 18, 19, 21, 23, 28, 30, and 33) are **DENIED**.

2. Defendant Hicks' Motion for Summary Judgment (Docket Entry No. 29) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 20th day of September, 2013.

SIM LAKE<br>
UNITED STATES DISTRICT JUDGE